IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARK LINN RANDOLPH | : | |
| | : | |
| v. | : | Civil No. CCB-13-1227 |
| | : | Criminal No. CCB-09-0244 |
| UNITED STATES OF AMERICA | : | |

...o0o...

**MEMORANDUM**

Mark Linn Randolph, a federal prison inmate, filed a timely motion to vacate his sentence under 28 U.S.C. § 2255. He alleges ineffective assistance of counsel. The motion shall be denied.

Randolph pled guilty to possession with intent to distribute cocaine base under an agreement that stipulated to a sentence of no less than 60 and no more than 151 months incarceration. He was found to be a career offender with a guideline range of 151-188 months, based in part on convictions for assault under Maryland law, despite his counsel's argument to the contrary.[1] Nonetheless, the court granted a variant sentence of 108 months, within the agreed range, after considering the sentencing factors under 18 U.S.C. § 3553(a), including Randolph's serious criminal history even apart from the career offender designation and his level of culpability in the drug conspiracy.

Clearly, counsel was not ineffective regarding the career offender status. He argued against the designation but was not successful in the Fourth Circuit. The law has changed in both the Fourth Circuit and the Supreme Court since 2011. *See Descamps v. United States*, 133 S. Ct. 2276 (2013); *United States v. Gomez*, 690 F.3d 194 (4th Cir. 2012). The Supreme Court has not,

---

[1] The Fourth Circuit affirmed that finding. 444 Fed. App'x 682 (4th Cir. 2011).

1

however, indicated that *Descamps* applies retroactively to cases on collateral appeal, and this court is not aware of any circuit court opinion so holding. In any event, Randolph has not been prejudiced because the sentence was not based on his career offender status. The same sentence would have been imposed because of his lengthy criminal record and culpability for the offense, even if he were not a career offender. (*See* Sent'g Tr., ECF No. 325-2, at 61-67.)

Accordingly, a certificate of appealability under 28 U.S.C. § 2253(c) will not be issued and the motion to vacate will be denied by separate Order which follows.

November 6, 2013 /s/
    Date                                      Catherine C. Blake
                                              United States District Judge